**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1620
_____

MARZENA MAGDALENA BERA,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A089-913-017)
Immigration Judge:  Honorable Frederic G. Leeds

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 22, 2015

Before:  RENDELL, SMITH, and KRAUSE, *Circuit Judges*.

(Opinion filed: January 28, 2015)
_____

OPINION*
_____

KRAUSE, *Circuit Judge.*

---

     * This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Marzena Magdalena Bera, a native and citizen of Poland, petitions for review of an order of the Board of Immigration Appeals (the "Board") denying her motion to reopen. For the reasons that follow, we will deny the petition for review.

Bera entered the United States in September 2007. In September 2008, she applied for asylum but was referred to removal proceedings. The notice to appear charged her with being present in violation of the law, pursuant to 8 U.S.C. § 1227(a)(1)(B). Bera conceded removability but applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). She claimed that she was persecuted in Poland because she participated in the Solidarity Movement during the 1980s and because she is Jewish. The Immigration Judge ("IJ") denied her applications and ordered her removed to Poland. The Board dismissed her appeal. We denied her petition for review.[1] While Bera was awaiting our decision, however, she filed a motion to reopen, arguing that anti-Semitism in Poland had escalated since her hearing before the IJ. Presently before us is Bera's petition for review of the Board's denial of her motion to reopen.[2]

Bera sought reopening to reapply for asylum, withholding of removal, and CAT protection. To support her argument that anti-Semitism escalated in Poland, she cited the country's recent ban of *shechita*, which is a procedure for the ritual slaughter of meat according to Jewish law, and continued anti-Semitic activities by, and influence of,

---

[1] *Bera v. Att'y Gen.*, 555 F. App'x 129 (3d Cir. 2014).

[2] We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1).

2

Leszek Bubel, the head of the Polish National Party. Alternatively, she argued that reopening was warranted for a grant of humanitarian asylum, given her past persecution as a member and leader of the Solidarity Movement.

The Board denied the motion to reopen, concluding that Bera failed to demonstrate a reasonable likelihood that she was eligible for relief.[3] Specifically, the Board noted that "much of the evidence proffered" was "cumulative" of the evidence it previously considered.[4] Though the evidence demonstrated the existence of anti-Semitism in Poland, it was "insufficient, without more, to demonstrate that [Bera] . . . may suffer persecution or torture" there.[5] Even assuming an increase in anti-Semitism, the Board determined that Bera did not show a "realistic chance" that she would be individually singled out for persecution due to her Jewish faith.[6] The Board deemed her fear of religious persecution "simply too speculative, such that reopening would be warranted to permit her to reapply for asylum."[7] Finally, because the Board declined to revisit its previous determination that Bera did not suffer past persecution, it denied her request to reopen the proceedings to allow her to pursue humanitarian asylum.

---

[3] *See Guo v. Ashcroft*, 386 F.3d 556, 563 (3d Cir. 2004) (motion to reopen must establish a reasonable likelihood of entitlement to relief).

[4] A.R. 4.

[5] *Id.*

[6] *Id.*

[7] *Id.* The Board also concluded that Bera failed to meet the higher burden for statutory withholding of removal and to demonstrate that she would more likely than not suffer torture upon returning to Poland.

3

We review the Board's denial of a motion to reopen for abuse of discretion.[8] The Board's denial of such a motion is entitled to "broad" deference,[9] and "will not be disturbed unless [it is] found to be arbitrary, irrational, or contrary to law."[10]

Bera argues that the Board abused its discretion by failing to consider the evidence that she provided with her motion to reopen. However, the record reflects that the Board addressed every issue Bera raised, and all the evidence she provided (which was nearly identical to, and cumulative of, the evidence she previously presented) did not justify reopening her case. In our prior decision, denying Bera's petition for review, we determined that "Bera's past experiences [were] troublesome but they [fell] short of past persecution."[11] Thus, because there was no new evidence presented with Bera's motion to reopen, the Board did not abuse its discretion in concluding that she was not eligible for asylum or humanitarian asylum on that basis.[12] Nor did the Board abuse its discretion in denying asylum based on the theory that Bera would suffer some other serious harm. Although Bera argued that she would not be able to eat or buy kosher meat due to the ban on *shechita*, such that it would interfere with her religious practices and be detrimental to

---

[8] *Borges v. Gonzales*, 402 F.3d 398, 404 (3d Cir. 2005).

[9] *Ezeagwuna v. Ashcroft*, 325 F.3d 396, 409 (3d Cir. 2003).

[10] *Guo*, 386 F.3d at 562.

[11] *Bera*, 555 F. App'x at 132.

[12] *See, e.g.*, *Sheriff v. Att'y Gen.*, 587 F.3d 584, 594 (3d Cir. 2009) (reserving humanitarian asylum based on past persecution reserved "for the most atrocious abuse").

her health, the Board reasonably concluded that the ban would not "so impinge" on Bera's religious practice as to rise to the level of persecution or torture in Poland.[13]

We also previously concluded that Bera had not established a well-founded fear of future persecution in Poland.[14] The Board gave detailed reasons why Bera's new evidence did not support reopening that issue, *i.e.*, she failed to prove that she was individually singled out for persecution or that the Polish government currently participates in a "systemic, pervasive, or organized" persecution of Jewish people.[15] We agree with the Board's assessment.

Because the Board thoroughly examined all of the evidence offered in support of Bera's motion to reopen and properly analyzed it under the applicable law, we perceive no abuse of discretion in its decision denying that motion. Therefore, we will deny Bera's petition for review.

---

[13] *See* A.R. 4. ("[Bera] herself has not expressed an intent to practice shechita, nor has she shown that the ban of this practice would actually prevent her from being able to eat kosher meat, as she alleges."); *see also Lin v. I.N.S.*, 238 F.3d 239, 244 (3d Cir. 2001) (persecution includes "threats to life, confinement, torture, and economic restrictions so severe that they constitute a real threat to life or freedom").

[14] *See Bera*, 555 F. App'x at 132 ("Substantial evidence . . . supports the Board's determination that Bera did not have an objective basis for her fear of future [persecution].")

[15] *Lie v. Ashcroft*, 396 F.3d 530, 537 (3d Cir. 2005).